UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MEAD JOHNSON & COMPANY, LLC, ) <br> and MEAD JOHNSON NUTRITION ) <br> COMPANY, ) <br>     Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> LEXINGTON INSURANCE COMPANY, ) <br>     Defendant. ) | 3:11-cv-00043-RLY-WGH |

**ENTRY ON LEXINGTON INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendant, Lexington Insurance Company ("Lexington"), moves to dismiss Plaintiffs' Amended Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons set forth below, the court **GRANTS** Lexington's Motion.

This case arises out of prior litigation between PBM Products, LLC ("PBM"), and Mead Johnson & Company, LLC and Mead Johnson Nutrition Company ("Mead Johnson"), competitors in the sale of infant formula. PBM asserted that Mead Johnson engaged in a false advertising campaign against PBM's competing store brand infant formulas, in violation of the Lanham Act. PBM ultimately prevailed by winning a $13,500,000.00 jury verdict against Mead Johnson in November 2009. The verdict was affirmed by the Fourth Circuit Court of Appeals in April 2011.

1

During this time frame, Mead Johnson had in place Commercial General Liability Policy No. 090-72-27 issued by National Union Fire Insurance Company ("National Union"), and Commercial Umbrella Liability Policy No. 065302639 issued by Lexington, both of which provided advertising liability coverage for the policy period February 10, 2009 to February 10, 2010. (Amended Complaint ¶ 7). Following the jury verdict, Mead Johnson sought insurance coverage from National Union and Lexington for the Underlying PBM Claim. This prompted National Union to file a declaratory judgment action in this court, seeking a determination of its rights and obligations under its Commercial General Liability Policy, and a declaration that it is not obligated to defend or indemnify Mead Johnson with respect to the Underlying PBM Claim. *See National Union Fire Ins. Co. of Pittsburgh, Pa. v. Mead Johnson & Company, Mead Johnson Nutritional Company, and PBM Products, LLC*, 3:11-cv-15-RLY-WGH. Jurisdiction in that case is predicated upon diversity of citizenship.

In the present case, Mead Johnson alleges that Lexington breached the Umbrella Liability Policy by failing to provide coverage for the Underlying PBM Claim, and seeks a declaratory judgment that Lexington owes Mead Johnson complete and comprehensive coverage under the Umbrella Liability Policy. Jurisdiction is not predicated on diversity of citizenship, as the principal place of business for both Mead Johnson and Lexington is Delaware. Instead, jurisdiction is predicated on the Federal Arbitration Act ("FAA") and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 21 U.S.T. 2517 (1970) (the "New York Convention"). (Amended Complaint ¶

4). The arbitration relied upon by Mead Johnson in the Amended Complaint to support subject matter jurisdiction relates to an arbitration between AIU Insurance Company ("AIU") and Bristol-Myers Squibb Company ("BMSCo"), in which BMSCo sought coverage determinations with respect to both indemnity and defense costs for advertising liability to PBM. Ultimately, on June 11, 2003, the arbitration panel issued a final award in favor of BMSCo., and required AIU to pay $24,611,357.99 to BMSCo for its liability under the policy, $1,617,514.38 for pre-judgment interest, and $634,397.36 for defense and compliance-related costs. (Declaration of David A. Stryker ¶ 11). AIU, like National Union and Lexington, is an affiliate of American International Group, Inc. (*Id.* ¶ 3).

The FAA cannot, by itself, confer subject matter jurisdiction. *See Kittle v. Prudential Ins. Co. of Am.*, 102 F.Supp.2d 1029, 1037 (S.D. Ind. 2000) (noting that a plaintiff must plead subject matter jurisdiction independent from the Federal Arbitration Act). Mead Johnson concedes that point. Mead Johnson contends, however, that the New York Convention provides an independent basis upon which to predicate subject matter jurisdiction.

As noted by Lexington, the arbitration alleged by Mead Johnson in its Amended Complaint is factually inapposite and irrelevant to this dispute. The arbitration alleged by Mead Johnson involves a different insurer (AIU), a different insurance contract (the AIU Commercial Umbrella Policy No. CLM 932-07067), and a different underlying claim. (*See* Declaration of Tara Leigh Lucas ("Lucas Dec."), Ex. B). Accordingly, the arbitration upon which Mead Johnson relies cannot confer jurisdiction because it has

nothing to do with the actual parties and actual dispute in this matter.

Moreover, the New York Convention is limited to the recognition and enforcement of *foreign* arbitrations:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention. *An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention, unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states*. For purposes of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

9 U.S.C. § 202 (emphasis added). The arbitration agreement, attached to the Declaration of Tara Leigh Lucas, reflects that the arbitration alleged in the Amended Complaint involved citizens of the United States, was conducted in New York, and required that the arbitration panel give due consideration to New York law. (Lucas Dec. ¶¶ 8-9; Lucas Dec., Ex. B ¶¶ 2, 4). In addition, the arbitration agreement provided that all disputes arising out of the arbitration take place in a state or federal court located in the Southern District of New York. (Lucas Dec. ¶ 10; Lucas Dec., Ex. B ¶ 10). The arbitration did not involve property located abroad, did not envisage performance abroad, and had no reasonable relation to a foreign state. In sum, the New York Convention has no application to the present case. Accordingly, the court must find that it lacks subject

matter jurisdiction. Lexington's Motion to Dismiss Plaintiffs' Amended Complaint (Docket # 42) is therefore **GRANTED**.

**SO ORDERED** this  18th   day of January 2012.

  
_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Brian J. Capitummino
CADWALADER WICKERSHAM & TAFT LLP
brian.capitummino@cwt.com

James E. Gentry Jr.
BOWERS HARRISON LLP
jeg@bowersharrison.com

Mark D. Gerth
KIGHTLINGER & GRAY
mgerth@k-glaw.com

Daniel I. Graham Jr.
BATES CAREY NICOLAIDES, LLP
dgraham@bcnlaw.com

Mary F. Licari
BATES CAREY NICOLAIDES, LLP
mlicari@bcnlaw.com

Laura A. McArdle
BATES CAREY NICOLAIDES LLP
lmcardle@bcnlaw.com

Mark E. Miller
Bowers Harrison, LLP
mem@bowersharrison.com

Richard H. Nicolaides Jr.
BATES CAREY NICOLAIDES LLP
rnicolaides@bcnlaw.com

John E. Rodewald
BATES CAREY NICOLAIDES, LLP
jrodewald@bcnlaw.com

Hal S. Shaftel
CADWALADER WICKERSHAM & TAFT LLP
hal.shaftel@cwt.com

Louis M. Solomon
CADWALADER, WICKERSHAM & TAFT LLP
louis.solomon@cwt.com

Kase L. Stiefvater
KIGHTLINGER & GRAY
kstiefvater@k-glaw.com

Brent R. Weil
KIGHTLINGER & GRAY
bweil@k-glaw.com